UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ST. PAUL FIRE AND MARINE INSURANCE,
COMPANY and AIT WORLDWIDE
LOGISITICS, INC.,



03 Civ. 5197 (RMB) (GWG)

Plaintiffs,

- against -

**ORDER**

SCHNEIDER NATIONAL CARRIERS, INC.,

Defendant.
------------------------------------------------------------x

I. **Introduction**

On or about July 15, 2003, St. Paul Fire and Marine Insurance Company ("St. Paul") and AIT Worldwide Logistics, Inc. ("AIT") (collectively, "Plaintiffs") commenced this action against Schneider National Carriers, Inc. ("Defendant" or "Schneider National") alleging, among other things, that Schneider National was "negligent and careless" in handling computer equipment that was owned by two of AIT's shipping customers and which AIT had provided to Schneider National for shipment. (See Complaint, dated July 15, 2003 ("Complaint").)

By Decision and Order dated March 3, 2006 ("March 3, 2006 Order"), following the submission of extensive briefing and trial affidavits by both parties, the Court found in favor of Plaintiffs and awarded Plaintiffs damages in the amount of $692,092.85. See March 3, 2006 Order at 13 ("Since Plaintiffs have proven that Schneider National is liable for damage to the Computer Equipment under the Carmack Amendment, and because neither the Transportation Contract nor paragraph 12 of the Four Air Waybills limits the amount of the damages available to Plaintiffs, Schneider National is liable to St. Paul and AIT for $692,092.85."). The Clerk of the Court entered a judgment in Plaintiffs favor on March 21, 2006 in the amount of $692,092.85 ("Judgment").

On or about March 31, 2006, Plaintiffs moved pursuant to Federal Rule of Civil Procedure 59 to amend the Judgment to include an award of pre-judgment interest arguing that "pre-judgment

interest would serve to fully compensate plaintiffs for the damages they suffered and for the loss of use of the money for approximately four years since the loss of the subject cargo." (See Plaintiffs' Memorandum of Law in Support of Motion For Re-Argument, dated March 31, 2006 ("Pl. Mem.").) Defendant filed an opposition on April 3, 2006, contending that pre-judgment interest should not be awarded because the case "involves a good faith dispute over the carrier's liability." (See Defendant's Memorandum of Law In Opposition to Re-Argument, dated April 3, 2006 ("Def. Mem.").) Plaintiffs filed a reply on April 5, 2006. (See Plaintiffs' Reply Memorandum of Law in Support of Motion For Re-Argument, dated April 5, 2006 ("Pl. Reply").)[1]

**For the reasons set forth below, Plaintiffs' motion to amend the Judgment is granted.**

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 59(e), a party can make a motion to amend or alter a judgment no later than 10 days after judgment has been entered. See In re Frigitemp Corp., 781 F.2d 324, 326-327 (2d Cir. 1986); In re Livent, Inc., 360 F.Supp.2d 568, 570 (S.D.N.Y. 2005). A motion to alter or amend a judgment will not be granted unless "the moving party can point to controlling decisions or data that the court overlooked matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003). "It is within the sound discretion of the trial court whether or not to award prejudgment interest at all, and the same considerations that inform that decision should also inform the choice of interest rate." Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 314 F. Supp. 2d 201, 203 (S.D.N.Y. 2003), vacated on other grounds, 391 F.3d 77 (2d Cir. 2004); see Devlin v. Trans. Commun. Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999).

## III. Analysis

The United States Court of Appeals for the Second Circuit has directed district courts, when

---

[1] Plaintiff did not brief the issue of a pre-judgment interest rate.

2

determining if and how much prejudgment interest should be granted to a prevailing party, "to take into consideration (i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." Jones v. UNUM Life Ins. Co. of Am., 223 F.3d 130, 139 (2d Cir. 2000); see Security Ins. Co. of Hartford, 314 F. Supp. 2d at 203 ("[I]n exercising its discretion, a trial court can and should take into account the federal postjudgment interest rate as a starting point for discussion. While the Court has discretion to award interest at a higher rate, it is reasonable to accept the considered judgment of the Congress as to a fair interest rate absent some reason in the facts of the case to do otherwise.").

Plaintiffs are entitled to pre-judgment interest because, among other things, Plaintiffs should be "fully compensate[d] . . . for actual damages suffered" for the period between June 19, 2002 (when St. Paul reimbursed AIT) and the March 3, 2006 Order. Jones, 223 F.3d at 139; see Atlantic Mut. Ins. Co. v. Napa Transp., Inc., 399 F.Supp.2d 523, 525 (S.D.N.Y. 2005) ("The awarding of prejudgment interest ensure[s] that an injured party is fully compensated for its loss, by requiring that [o]ne who has had the use of money owing to another pay interest from the time payment should have been made.") (internal citations omitted). Fairness and relative equities also favor Plaintiffs where, as here, Defendant would profit from having held onto monies that were rightfully owed to Plaintiffs. See id. ("Although the Court is aware that liability under the Carmack Amendment attaches even absent wrongful conduct on the part of defendant, it is nonetheless the case that this lack of wrongdoing does not obviate the inequity of having defendant profit from monies which the law has determined rightfully belong to plaintiff.") (internal citations omitted). And, the statute at issue here, the Carmack Amendment, is a remedial one and supports an award of pre-judgment interest. See Flanzbaum v. M & M Transp. Co., 286 F.2d 500, 503 (2d Cir. 1961).

Plaintiffs should receive pre-judgment interest for the period between St. Paul's payments to AIT on June 19, 2002 and the Court's March 3, 2006 Order at the federal post-judgment interest rate set forth in 28 U.S.C. § 1961 as of June 19, 2002. See St. Paul Fire & Marine Ins. Co. v. Fox Insulation Co., Inc., No. 96-cv-0502, 1999 WL 782333, at *1 (W.D.N.Y. 1999) ("prejudgment interest accrues from the date the insurance company makes payment"); see also Security Ins. Co. of Hartford, 314 F. Supp. 2d at 203.

## IV. Conclusion and Order

For the reasons explained above, Plaintiffs' motion to amend the Judgment to award prejudgment interest from June 19, 2002 through the March 3, 2006 Order [27] is granted. The parties are directed to submit an amended judgment to the Clerk of the Court consistent with this Order on or before May 29, 2006.

Dated: New York, New York
May 10, 2006

_____
Richard M. Berman, U.S.D.J.